NO. 07-09-00283-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 6, 2010

RODNEY CARROLL KEELING, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,539-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rodney Carroll Keeling, was convicted of driving while intoxicated[1] felony offense, and sentenced to ten years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).[2]  Appellant gave notice of appeal and appeals the trial court's denial of a motion to suppress the evidence.  We affirm.

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003).

[2] See TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2009).

Factual and Procedural Background

Appellant was indicted for the felony offense of driving while intoxicated on April 1, 2009. Subsequently, appellant's trial counsel filed a motion to suppress the evidence that law enforcement had gathered after appellant's arrest. Appellant's motion to suppress alleged that the initial stop was in violation of the law as the officers involved did not observe appellant driving. Further, appellant alleged that the arrest was made without probable cause because appellant had not committed any violation of the law in the presence of the officers. Finally, appellant contended that the taking of a blood sample was illegal because appellant's arrest was in violation of the law. The trial court held a hearing on the motion to suppress on August 19, 2009, immediately preceding jury selection.

John Beighle (Beighle) was the first witness to testify at the suppression hearing. Beighle stated that, on February 1, 2009, at approximately 6:30 P.M., he was heading from Canyon to Amarillo. As he prepared to merge onto Highway 60, Beighle observed a vehicle driving west on Highway 60 in the eastbound traffic lane. Beighle described Highway 60 as being a four-lane road with a large median between the east and west bound lanes. Beighle began flashing his lights and honking his horn in an attempt to gain the driver's attention. As the vehicle passed by Beighle's location, continuing west in the eastbound lane, Beighle called 911 and reported the incident. Beighle described the car and the driver to the 911 operator. The car was described as a four-door car that was silver-bluish in color. Beighle testified that the car had the same type of body design as a Grand Marques or Crown Victoria. Beighle described the driver as a male

2

with normal length gray hair wearing a black cowboy hat and that the driver appeared to be alone in the vehicle. Prior to ending the 911 call, Beighle provided the operator with his personal contact information.

West Texas A&M police officer Jimmy Godlove (Godlove) testified that he was driving in the vicinity of the intersection of Highway 60 and FM 2590 when he heard the dispatcher advise that a light blue passenger car was driving on the wrong side of the road near his location. The dispatcher advised that the driver of the vehicle was a white male wearing a black cowboy hat. Godlove immediately observed a vehicle matching the dispatcher's description and broadcast his observation over his radio. Godlove testified that the car he observed was a light blue, four-door car being driven by a man wearing a black cowboy hat. Godlove observed the vehicle drive into an RV park and pull into a parking spot at the first trailer. Godlove testified that Officer David Knepp (Knepp) of the Canyon Police Department drove past Godlove's location within a few seconds of his observation of the vehicle in question. Godlove made a u-turn and followed Knepp into the RV park. Godlove identified appellant as the driver of the vehicle he observed. Godlove testified that, at the time he observed the silver-bluish vehicle, it was not driving on the wrong side of the road.

Knepp had received a dispatch at approximately 6:30 P.M. that there was a vehicle driving on the wrong side of the road in the vicinity of Highway 60 and FM 2590. Knepp was advised that the vehicle in question was light blue in color with four doors. Knepp testified that, shortly after receiving the dispatch, he saw a vehicle matching the description pulling into an RV park on the north side of Highway 60. Knepp testified that

3

he pulled in behind the vehicle less than a minute after the vehicle had stopped in the RV park and that appellant was in the car by himself. Knepp further testified that appellant had not gotten out of his vehicle by the time Knepp arrived in the RV park. Upon initiating contact with appellant, Knepp observed appellant stumble as he got out of his vehicle and noted that he appeared very disoriented. As Knepp got closer to appellant, he noticed an odor of an alcoholic beverage on appellant's breath. Based upon his observations of appellant, Knepp formed the opinion that appellant was intoxicated and performed a portable breath test on appellant. Knepp testified that the results of the portable breath test were .192, well in excess of the .08 alcohol concentration limit set by statute.[3] Based upon his observations of appellant and the portable breath test, Knepp formed the opinion that appellant was intoxicated. Appellant was arrested and charged with driving while intoxicated.

At the conclusion of the suppression hearing, the trial court denied the motion to suppress and appellant proceeded to trial. The jury convicted appellant of the offense of felony driving while intoxicated and the same jury assessed his punishment at confinement in the ID-TDCJ for a period of ten years. Appellant appeals contending that the trial court abused its discretion in denying the motion to suppress because appellant's: 1) initial detention was without any reasonable suspicion that appellant had

---

[3] See TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 2003).

committed a violation of the law, and 2) arrest was without probable cause.[4] Disagreeing with appellant's arguments, we will affirm.

## Standard of Review

As an appellate court, we review the trial court's ruling on a motion to suppress under an abuse of discretion standard. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). In determining whether or not a trial court has abused its discretion, we view all of the evidence in the light most favorable to the trial court's ruling. See State v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008). If, as is true in the case before us, the trial court has not made explicit findings of fact, the appellate court infers the necessary factual findings that support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, supports these implied fact findings. Id. (citing State v. Kelly, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006)). Therefore, we afford almost total deference to a trial judge's determination of the historical facts that the record supports, especially when its implicit fact finding is based on an evaluation of credibility and demeanor. Id. Whether a trial court's decision abuses its discretion depends on whether the decision was outside the zone of reasonable disagreement. See Salazar v. State, 38 S.W.3d 141, 153-54 (Tex.Crim.App. 2001). Finally, we review the trial court's application of the law to the facts in determining whether or not reasonable suspicion or probable cause exist by a *de novo* standard. Carmouche, 10 S.W.3d at 327.

---

[4] Appellant's brief lists four issues. However, the first and third issues are the same, and the fourth issue is subsumed by the other issues.

Analysis

We will address appellant's issues in chronological order, rather than as set forth in appellant's brief. Initially, we note that it is undisputed that the detention and eventual arrest of appellant occurred without benefit of any type of warrant. Therefore, the State bore the burden of proving the reasonableness of the stop. See Young v. State, 283 S.W.3d 854, 872 (Tex.Crim.App. 2009), cert. denied, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009).

Initial Detention

Law enforcement may briefly detain individuals for investigative purposes on less information than is constitutionally required for probable cause to arrest. See Terry v. Ohio, 392 U.S. 1, 11 n.5, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In order to make an investigative detention, an officer must have a reasonable suspicion that criminal activity is underway, or soon will be underway, based upon specific articulable facts and any reasonable inferences from those facts. See Brother v. State, 166 S.W.3d 255, 257 (Tex.Crim.App. 2005). These facts must amount to more than a mere hunch or suspicion. Id. The factual basis for the reasonable suspicion need not arise from the officer's personal observations, but may be supplied by another person. Id. The reasonableness of a particular detention will turn on the totality of the circumstances in that particular case. See Curtis v. State, 238 S.W.3d 376, 380 (Tex.Crim.App. 2007).

Normally, an anonymous tip will not carry sufficient indicia of reliability to provide the requisite level of reasonable suspicion upon which to base a decision to detain a citizen. See Pipkin v. State, 114 S.W.3d 649, 654 (Tex.App.—Fort Worth 2003, no

6

pet.). There must be some further indicia of reliability, some additional facts from which a police officer may reasonably conclude that the tip is reliable and a detention is justified. See id. A tip from a citizen may provide the officer with that additional information that would justify the temporary detention of a suspect. See Morgan v. State, 304 S.W.3d 861, 868 (Tex.App.—Amarillo 2010, no pet.).

A citizen's tip deserves great weight when it provides the detailed type of description of the wrongdoing witnessed firsthand by the citizen. Id. Such is especially true when the citizen is not associated with law enforcement and places themselves in a position to be held accountable for their intervention. Id.

Here, the civilian witness, Beighle, was proceeding from Canyon to Amarillo and observed a vehicle driving on the wrong side of a divided highway. The record reflects that he attempted to gain the driver's attention to no avail. Only after being unable to attract the attention of the driver did Beighle intervene by calling the 911 operator. In addition to giving the 911 operator a description of the appellant's driving, Beighle also identified the specific location where the transgression was ongoing and described both the vehicle involved and some identifying characteristics of the driver. At the conclusion of the call, Beighle willingly gave his contact information to the 911 operator. A short time later, the record reflects that another officer contacted Beighle and he again went over the facts that he observed. Additional confirmation is presented in the form of the almost immediate observations of Godlove. Although the fact that the vehicle matched the general description provided by Beighle is important, the fact that Godlove's observation of the vehicle occurred almost immediately provides additional indicia of

reliability. Finally, there are the observations of Knepp regarding the description and location of the vehicle and description of the driver. When all of these observations are viewed together in the totality of the circumstances, it is obvious to this court that Knepp had reasonable suspicion to believe that a crime was being committed and that the driver of the car, appellant, was committing it. See Curtis, 238 S.W.3d at 380. Therefore, the initial detention of appellant was lawful. See Young, 283 S.W.3d at 872. Appellant's second issue is overruled.

Probable Cause to Arrest

Appellant's first and third issues both appear to contest the probable cause for the arrest of appellant at his residence. Accordingly, we will address them together.

As stated above, the arrest of appellant was without a warrant, therefore, for the arrest to be reasonable, the officer must have probable cause to believe that an offense has been committed in his presence. See Amador v. State, 275 S.W.3d 872, 878 (Tex.Crim.App. 2009). Probable cause exists for a warrantless arrest when, at the moment the arrest is made, the facts and circumstances known to the arresting officer are sufficient to warrant a prudent man to believe that the person arrested had committed or was committing the offense in question. Id. Finally, the test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and requires consideration of the totality of the circumstances facing the arresting officer. Id.

Appellant's primary challenge to the officer's conclusion that probable cause to arrest existed is the fact that the officers involved did not see appellant driving the

8

wrong way on the divided highway. Such a recitation of the record is correct, however; that fact does not control this case.

We have previously discussed the use of the citizen informant's information by the officers in arriving at a reasonable suspicion to detain appellant. Once that issue has been determined, then the question becomes did appellant demonstrate any characteristics that would lead a reasonable person to believe that he was intoxicated. If so, then all of the elements of driving while intoxicated would have been present in a quantum sufficient to reach probable cause. Driving while intoxicated consists of a person driving or operating a motor vehicle in a public place while intoxicated. See TEX. PENAL CODE ANN. § 49.04(a).

The evidence at the suppression hearing indicated the following: 1) both officers Godlove and Knepp observed appellant driving on a public road; 2) both officers were present when appellant got out from behind the wheel of the vehicle; 3) no other person was in the vehicle with appellant; 4) Knepp dealt with appellant and had the opportunity to observe appellant's actions; 5) as appellant was getting out of his vehicle, he appeared to stumble and be disoriented; 6) Knepp smelled an odor of alcoholic beverage on appellant's breath; 7) appellant was given a field breath test and the result was .192; 8) Knepp declined to give appellant further field sobriety tests out of concern that appellant was going to injure himself; 9) based upon his experience as an officer and observations at the scene, Knepp formed the opinion that appellant was intoxicated. When the totality of this information is considered, we believe that a prudent man would believe that appellant had driven a motor vehicle while intoxicated;

9

therefore, probable cause existed for appellant's arrest.  See Amador, 275 S.W.3d at 878.  If probable cause for the arrest of appellant existed, the trial court did not abuse its discretion in overruling appellant's motion to suppress because such a decision was clearly not outside the zone of reasonable disagreement.  See Salazar, 38 S.W.3d at 153-54.  Accordingly, appellant's first and third issues are overruled.

Arrest Without a Warrant

Appellant's final issue contends that the trial court abused its discretion by overruling the motion to suppress because the arrest of appellant was without a warrant.  Such is a true statement; however, since the initial detention of appellant was, as we have held, based upon reasonable suspicion, see Young, 283 S.W.3d at 872, and, further, since the decision to arrest appellant was based, again as we have held, on probable cause, see Amador, 275 S.W.3d at 878, the arrest of appellant did not require a warrant.  Therefore, the trial court did not abuse its discretion.  See Salazar, 38 S.W.3d at 153-54.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.

10